UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

**In Re:**

    Calvin1, LLC                                                Chapter 11 (subch. V)
                                                                          Case No. 25-44852
                    Debtor-In-Possession,             Hon. Mark A. Randon

_____/

**FIRST DAY ~~INTERIM~~ ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION WAGES & GRANTING RELATED RELIEF**

Upon the above-captioned motion (the "**Motion**") of Debtor pursuant to Sections 105(a), 363 and 507 of Title 11 of the United States Code (the "**Bankruptcy Code**"), for an order granting the Debtor (i) authority, to pay certain prepetition amounts[1] and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the ~~interim~~ relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

requested in the Motion ~~on an interim basis~~ on May __, 2025 (the "~~Interim~~ **Hearing**"); the record of the ~~Interim~~ Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the ~~interim~~ relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtor and its estate after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted ~~on an interim basis~~ to the extent set forth herein.

2. The Debtor is authorized pursuant to Sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay the Authorized Prepetition Wages which are all below the priority amounts set forth at sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code, for the pay period May 4, 2025 through May 10, 2025, in an amount not to exceed $6397.50 in the aggregate.

3. The Debtor and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-

party recipients or taxing authorities in accordance with the Debtor's stated policies and prepetition practices.

4. The Debtor is further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the prepetition payroll.

5. Nothing contained in the Motion or this ~~Interim~~ Order or any payment made pursuant to the authority granted by this ~~Interim~~ Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under Section 365 of the Bankruptcy Code.

6. Nothing in the Motion or this ~~Interim~~ Order, nor as a result of any payment made pursuant to this ~~Interim~~ Order, shall be deemed or construed as a waiver of the right of the Debtor, or shall impair the ability of the Debtor to contest the validity and amount of any payment made pursuant to this ~~Interim~~ Order.

7. Notwithstanding entry of this ~~Interim~~ Order, nothing herein shall create, nor is intended to create any rights in favor of or enhance the status of any claim held by any party.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), this ~~Interim~~ Order shall be immediately effective and enforceable upon its entry.

11. This ~~Interim~~ Order is effective ~~only from the date of entry through this Court's disposition of the Motion on a final basis; *provided* that, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.~~ from the date of entry.

12. The Debtor is authorized to take all action necessary to effectuate the relief granted in this ~~Interim~~ Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this ~~Interim~~ Order.

14. ~~The Final Hearing on the Motion shall be held on _____, 202\_, at \_\_\_\_\_ (EST), and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the Office of the United States Trustee; and~~

~~(ii) counsel for the Debtor-in-Possession, so as to be received no later than **4:00 p.m. (EST) on _____, 202\_\_**.~~

15. For clarity, this Order does not constitute an order authorizing use of cash collateral. Notwithstanding anything to the contrary contained in this Order, any payment to be made under this Order, or authorization contained in this Order, shall be subject to the terms of any approved order regarding use of cash collateral and any associated budget(s), and nothing in this Order shall modify or affect the terms of, or constitute waiver of the prepetition secured lenders' rights under, any such cash collateral order.