# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**In Re:**

    Calvin1, LLC                                             Chapter 11 (subch. V)

                                                            Case No. 25-44852-mar

                      Debtor-In-Possession,          Hon. Mark A. Randon

_____/

## AMENDED ORDER CONFIRMING PLAN

THIS MATTER, is before the Court regarding the confirmation of the Debtor Calvin1, LLC's ("Debtor") plan of reorganization filed under Title 11, Chapter 11, Subchapter V of the United States Code, Section 101 *et seq.*(the "Bankruptcy Code"):

Whereas, Debtor filed its First Amended Combined Plan and Disclosure Statement with the court on August 14, 2025 (the "Plan") (*Dkt #79*);

Whereas, copies of the Plan were transmitted to all holders of claims and interests, the Subchapter V Trustee (the "Trustee") and to the United States Trustee on August 14, 2025 as stated in the Certificate of Services filed therewith(*Dkt #76/79*);

Whereas, no objections were filed to the Plan (*Dkt #82*);

Whereas, two ballots accepting the Plan were returned to the Debtor (*Dkt #83*);

Whereas, certain informal objections have been resolved by approval by those creditors of the Plan as amended by this Order;

Whereas, a Confirmation Hearing was held in this matter on September 29, 2025 (the "Confirmation Date");

Whereas, an Order Confirming Plan was entered at ECF No. 89, September 29, 2025 (the "Order Confirming Plan");

Whereas, post-confirmation, a late "yes" ballot was accepted by Debtor and filed at ECF No. 94;

Whereas, a Motion to Amend the Order Confirming Plan was filed, and granted;

NOW, THEREFORE, the Court finds and concludes as follows:

1. The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. On June 10, 2025, the Court entered the Order Setting Confirmation Hearing and Related Deadlines (*Dkt # 68*) (the "Confirmation Scheduling Order").

4. In accordance with the Confirmation Scheduling Order, the Court served the Confirmation Scheduling Order, the Plan and the form of Ballot for accepting or rejecting the Plan. See Certificate of Service (*Dkt# 70*).

5. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") complied with the Bankruptcy Rules, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

6. The Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the chapter 11 case maintained by the Clerk of the Court and/or his duly appointed agent, including all pleadings and other documents filed, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the above captioned chapter 11 case (the "Chapter 11 Case"), including the Confirmation Hearing; any resolution of objections to confirmation explained on the record at the Confirmation Hearing is hereby incorporated by reference; all unresolved objections, statements, informal objections, and reservations of rights (except with respect to unresolved cure amounts), if any, related to confirmation of the Plan are overruled on the merits.

7. Only Holders of Class 4 Claims (Unsecured Claims) were entitled to vote on the Plan; the ballots the Debtor used to solicit votes to accept or reject the Plan from holders of Class 4 Claims adequately addressed the particular needs of the chapter 11 case and were appropriate for holders of Class 4 Claims to vote to accept or reject the Plan, and, in fact, the claim holders that voted in Class 4, voted to accept the Plan.

8. The Plan adequately and properly identifies and classifies all claims; pursuant to section 1122(a) of the Bankruptcy Code, the claims placed in each class are substantially similar to other claims in each such class. Pursuant to section 1123(a)(1) of the Bankruptcy Code, valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims; The classification of claims in the Plan is reasonable.

9. The Plan specifies all classes or claims or interests that are not impaired under the plan.

10. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

11. The Plan provides for the Reorganization of the Debtor; and does not provide for any issuance or alteration of the stock or equity of the Debtor, therefore, section 1123(a)(6) of the Bankruptcy Code is not implicated.

12. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee; and is not altering management during the term of the plan; therefore, section 1123(a)(7) of the Bankruptcy Code is not implicated.

13. Under section 1123(b)(2) of the Bankruptcy Code, all leases and/or executory contracts in existence as of the date this matter was filed have been either accepted or rejected such that further treatment is unnecessary.

14. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

15. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

16. The Plan complies with section 1189 of the Bankruptcy Code because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11 of the Bankruptcy Code.

17. In compliance with section 1190 of the Bankruptcy Code, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a reorganization analysis, and (3) projections with respect to the ability of the Debtor to make payments under the Plan.

18. The Court finds that the Plan satisfies the applicable provisions of section 1129(a) of the Bankruptcy Code (as modified by section 1191(b) of the Bankruptcy Code), are met; and, as a result, is a confirmable non-consensual Subchapter V plan under section 1191(b) of the Bankruptcy Code. With respect to the applicable provisions of section 1129(a) of the Bankruptcy Code, the Court finds and concludes as follows:

    a. 11 U.S.C. § 1129(a)(1) and (a)(2). The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

    b. 11 U.S.C. § 1129(a)(3). The Plan was proposed in good faith and not by any means forbidden by law.

    c. 11 U.S.C. § 1129(a)(4). Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

d. 11 U.S.C. § 1129(a)(5) & (6). The Debtor has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider. The Plan does not provide for any change in rates subject to governmental regulation. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

e. 11 U.S.C. § 1129(a)(7). The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

f. 11 U.S.C. § 1129(a)(8). The with respect to each class of claims or interests such impaired class *has* accepted the plan, a "yes" ballot was delivered late, but, executed.

g. 11 U.S.C. § 1129(a)(9). The treatment of Administrative Expense Claims, Priority Tax Claims and Priority Non-Tax Claims under Article 3 of the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code

h.  11 U.S.C. § 1129(a)(10). An impaired class has accepted the Plan, as described in "f." above.

i.  11 U.S.C. § 1129(a)(11). Confirmation of the Plan is not likely to be followed by the Liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such reorganization is proposed in the Plan.

j.  11 U.S.C. § 1129(a)(12). All fees payable under 20 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

k.  11 U.S.C. § 1129(a)(16). All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

19. Notice of the Plan was appropriate under Bankruptcy Rule 2002 and other applicable law.

20. The predicates for confirmation under section 1191(a) of the Bankruptcy Code are met. Based upon the findings and conclusions stated above,

**IT IS ORDERED THAT**:

A. The Plan, as modified by this Order, is CONFIRMED under 11 USC § 1191(a)

B. The Sub Chapter V Trustee is relieved from making disbursements in this case and all disbursements shall be made by Debtor.

C. The Debtor and the Subchapter V trustee will file a stipulation for a joint order discharging the Subchapter V Trustee after the Notice of Substantial Consummation is filed.

D. The Debtor, as proponent of the Plan, has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

E. The Debtor's case will remain open until (a) the Subchapter V Trustee files his final report and (b) the Court enters an order discharging the trusteeship and terminating the Subchapter V Trustee's appointment.

F. Pursuant to section 1141(a) of the Bankruptcy Code, except as provided in sections 1141(d)(2) and (3) of the Bankruptcy Code, the provisions of the Plan as of substantial consummation, shall be binding upon and inure to the benefit of the Debtor, all present and former holders of Claims and Interests and the irrespective successors and assigns, and all other parties in interest in this case.

G. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

H. Pursuant to section 1183(c)(2) of the Bankruptcy Code, the Debtor shall file with the Court a Notice of Substantial Consummation within 14 days after the plan has been substantially consummated.

I. In the event of a post-confirmation conversion of this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, all property of the Debtor, Debtor-In-Possession, Successor to the Debtor or Reorganized Debtor, including all property which will revest in the Reorganized Debtor pursuant to this Order granting confirmation of the Plan, and all property acquired by the Reorganized Debtor subsequent to the Plan confirmation shall be property of the Chapter 7 estate.

J. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

K. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases to which the Debtor is a party shall be deemed to be rejected.

L. Counsel to the Debtor is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

M. Pursuant to section 1142(b) of the Bankruptcy Code and any comparable provision of the corporation laws of any state, the Debtor is hereby authorized and empowered to take such actions and to perform such acts as may be necessary, desirable, or appropriate to comply with or implement the Plan, and all documents, instruments, and agreements related thereto, and all annexes, exhibits, and schedules appended thereto, and the obligations thereunder shall constitute legal, valid, binding, and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms without the need for any approval from any member or board. The Debtor is hereby authorized and empowered to take such actions, to perform all acts, to make, execute, and deliver all instruments and documents, to make payments, and to pay all fees and expenses as set forth in the documents relating to the Plan, including without limitation, documents that may be required or necessary for its performance thereunder.

N. Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United

States Trustee, and all parties in interest notice of such substantial consummation. The Subchapter V Trustee is not discharged and will continue as such until all payments under the Plan are complete.

    O.    The Bankruptcy Court retains jurisdiction to:

        i.    Enter such orders as maybe necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, and other agreements or documents created in connection with the Plan, the Disclosure Statement, or the Confirmation Order;

        ii.    Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan and all contracts, instruments, and other agreements executed in connection with the Plan;

        iii.    Hear and determine any request to modify the Plan or to cure any defect or omission or reconcile any inconsistency in the Plan or any order of the Bankruptcy Court;

        iv.    Issue and enforce injunctions or other orders, or take any other action that may be necessary or appropriate to restrain any interference with the implementation, consummation, or enforcement of the Plan or the Confirmation Order;

  v. Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

  vi. Hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, or other agreement or document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order;

  vii. Enforce all orders, judgments, injunctions, and rulings entered in connection with the Chapter 11 Case;

  viii. Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code; and;

  ix. Enter a final decree closing the Chapter 11 Case

 P. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan,

and any documents, instruments, or agreements, and any amendments or modifications thereto.

Q.      Except as set forth in the Plan, to the extent that any provision of any other order referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control; provided, however, that with respect to any conflict or inconsistency between the Plan and this Confirmation Order, this Confirmation Order shall govern and control.

R.      Each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (i) valid and enforceable pursuant to its terms; (ii) integral to the Plan and may not be deleted or modified without the consent of the Debtor; and (iii) non-severable and mutually dependent. Each provision of this Confirmation Order is non-severable and mutually dependent on each other term of this Confirmation Order and the Plan.

S.      If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court of competent jurisdiction, such reversal, modification, or vacatur shall not affect the validity or enforceability of any acts, or obligations, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order.

Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on this Confirmation Order prior to the Debtor's receipt of written notice of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, and the Plan and any amendments or modifications thereto in effect prior to the date the Debtor received such actual written notice.

T. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law, and all transfers comply with applicable non-bankruptcy law to the extent required by section 1129(a)(16) of the Bankruptcy Code.

U. To the extent necessary, the Debtor may initiate proceedings in the Court to alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

V. On the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6);

W. Upon Debtor's completion of the Plan, subject to any modifications thereto, and upon the filing of a final report of no distribution, the Trustee, or any successor trustee shall be discharged from her duties as Trustee.

X. The record of the Confirmation Hearing is closed. The Findings of Fact and Conclusions of Law of this Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable by Bankruptcy Rule 9014, and the Findings of Fact and Conclusions of Law of this Court at the Confirmation Hearing are incorporated herein by reference. To the extent any of the foregoing Findings of Fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing Conclusions of Law constitute findings of fact, they are adopted as such.

## **REGULATORY PROVISIONS**

Y. Creditors may send the Debtor and you as counsel an affidavit of default and demand for cure within 14 days. If the Debtor does not satisfactorily cure the default, a creditor may seek to reopen the bankruptcy case to pursue relief in the bankruptcy court or otherwise exercise its remedies outside of bankruptcy.

Z. Regarding the SBA debt, treated in Class 3, for the avoidance of doubt, the Plan requires Debtor to continue to pay the SBA in accordance with the parties' original loan terms throughout the life of the Plan. Debtor's payments to the SBA during the life of the Plan will come directly from Debtor's Principals. Neither the

SBA's debt nor the SBA's security interests will be discharged upon completion of the Plan, and the original loan terms will continue to apply unless and until Debtors repay the debt in full.

Nothing in this Order, the Plan, or Plan Documents discharges, releases, precludes or enjoins: (i) any police or regulatory liability to a governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any non-debtor. Nor shall anything in this Order, the Plan, or Plan Documents enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence. Nothing in this Order, the Plan, or Plan Documents shall affect any setoff or recoupment rights of any Governmental Unit. Nothing in this Order, the Plan, or Plan Documents divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order, the Plan, or Plan Documents or to adjudicate any defense asserted under this Order, the Plan, or Document

**Signed on October 20, 2025**

/s/ Mark A. Randon
**Mark A. Randon**
United States Bankruptcy Judge